See also D. C., 16 F.R.D. 565, 17 F.R.D. 263.

**KURT M. JACHMANN CO., Inc.,**
**Plaintiff,**

v.

**HARTLEY, COOPER & CO., Ltd., Harold B. Hill, George de H. Vaizey and Bevington, Vaizey & Foster, Ltd., Defendants.**

United States District Court,
S. D. New York.

Jan. 10, 1955.

Joseph S. Meadow, M. K. and R. Josephson, New York City, for plaintiff.

Webster, Sheffield & Chrystie, Mendes & Mount, New York City, for defendants.

PALMIERI, District Judge.

This motion is made by a witness under Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The witness seeks to be relieved from compliance with those parts of a subpoena duces tecum which require him to produce an agency agreement with Lloyd's of London, and correspondence with and reports to Mendes & Mount, Esqs., concerning a claim made by Nour Trading Company (Nour).

During argument on the motion this Court examined the agreement, relieved

the witness from the necessity of producing that portion of it that the witness had not produced before, and directed that it be placed in a sealed envelope in the custody of the Clerk of the Court and held subject to the Court's order. Thus, the only question now before me relates to the correspondence with and reports to Mendes & Mount, Esqs., concerning the Nour claim. The witness objected to producing these documents because of its belief that they were privileged communications between an attorney and it as an agent for the attorney's client in connection with a suit instituted by Nour on certificates of cargo insurance for losses and damages that is now pending before this Court. The witness stated that it feared that any information obtained by the plaintiff in the instant case might be communicated to Nour for use in its case.

It is not necessary for me to determine whether the witness could refuse to produce the requested documents in the case instituted by Nour. In this case, I believe that it must do so under certain safeguards which will be stated later. The witness admits that it is regularly engaged in the business of holding surveys of damaged cargo which result in reports similar to those made in the Nour matter. It does not claim that the documents asked for are irrelevant to this case. Indeed, it produced claim files involving other matters in accordance with the request of the same subpoena to which it objects. Under these circumstances it should produce the requested documents, but the order that it produce the documents should contain adequate safeguards which will insure that the reports and correspondence will not be disclosed to third persons who may use them in connection with the pending case instituted by Nour.

The requests for allowances of counsel fees under Rule 37 of the Federal Rules of Civil Procedure are denied.

Settle order on notice.